JOSEPH ATZROTH, APPELLANT, VS. STATE OF FLORIDA, APPELLEE.

1. If a cow be found in the possession of a defendant with her brand altered from that of her owner to that of the defendant, and the calf of said cow be found in the pen of defendant, in the mark and brand of defendant, in the absence of satisfactory explanation on his part, the jury may find him guilty of having fraudulently altered the brand of said cow, with intent to claim the same in violation of the 12th section of the Act of February 12th, 1832, and the Supreme Court will not hold it error in the Circuit Court to refuse to set aside a verdict founded on such testimony.

2. It is a well settled principle, that if a man be found in possession of stolen property, the law will presume him to be the thief in the absence of satisfactory explanation.

3. It is the duty of the jury to weigh all the evidence, and to give to the defendant the benefit of every reasonable doubt. It is their duty, under their oaths, to give to the whole testimony the most serious consideration ; but it is their right to reject all such portions of it as they may believe to be untrue. It is their peculiar province to judge of the credibility of witnesses.

4. To alter the brand of an animal, "with intent to claim the same," in violation of our statute, it is not necessary that the brand formerly upon the animal

should be obliterated or defaced, but only that in addition to the old brand the accused should put his own brand upon it " with intent to claim the same."

Appeal from Manatee Circuit Court.

The opinion of the Court contains a sufficient statement of the facts of the case.

*Magbee & Gettis* for appellant.

*H. L. Mitchell* for appellee.

WALKER, J., delivered the opinion of the Court.

In the Circuit Court for Manatee county, at the Spring Term, 1859, the appellant was indicted under the 12th section of the Act of February 12th, 1832, the allegation in the indictment being, that he, on the first day of September, in the year of our Lord one thousand eight hundred and fifty-eight, in the county afosesaid, did then and there fraudulently alter the brand of an animal, to-wit, a cow, the property of Mary A. Goddard as administratrix of the estate of Asa J. Goddard, deceased, of the value of five dollars, and put the same into his, the said Atzroth's, own proper brand, to-wit, the letter A, " with intent to claim the same" contrary to the statute, &c.

The case was tried on November 7th, 1859, and a verdict of guilty having been rendered, the defendant below moved for a new trial, which being overruled, he appealed to this Court. The error assigned is the overruling of said motion. We must examine the testimony which is embodied in a bill of exceptions, to see whether the grounds on which said motion was based were well taken.

It appears from the evidence for the prosecution that the cow mentioned in the indictment was the property of Mrs. Goddard as administratrix of A. J. Goddard, and that in June, 1857, this cow was found at Mr. Atzroth's with her

brand altered from that of Mr. Goddard to that of Mr. Atzroth—the letter A, and that he had her calf then in his pen in his mark and brand.

This evidence, if not successfully contradicted or explained, would certainly justify a verdict of guilty.

With a view to an explanation of these facts, for a contradiction or denial of them was not attempted, Miss E. Atzroth, daughter of the defendant, was introduced, who swore that on 24th Oct., 1854, as appeared from a bill of sale which she produced, Mr. Craig, one of the witnesses for the prosecution, sold to her father the defendant, two cows, one of which was " a brindle cow with Capt. Hooker's brand on her, the mark not known, and two calves belonging to said cows," &c. She also testified that Mr. Craig at the time of this sale, stated that Mr. Gamble's cow driver would know the cow and point her out and that the cow mentioned in the indictment is the cow that said driver pointed out to her father as the cow which Mr. Craig had sold to him.

This would appear at first view to be a satisfactory explanation, for the cow spoken of by the witness for the prosecution was a brindle cow with Capt. Hooker's mark and brand altered to that of Mr. Goddard, Mr. Goddard's brand, however, being very dim. It was very possible, therefore, that only a mistake had been made ; but by looking again at the testimony of Craig, a witness for the prosecution, we find that he swears, that the brindle cow which he sold to defendant with Capt. Hooker's brand on her, *was in their pen* (that is the pen of defendant and his daughter) *when he sold said cow to him*, and that said sale was not made on 24th Oct., 1854, but a long time before that, and both the witnesses for the prosecution stated that the branding of this animal appeared to have been recently done. Now here was a conflict of testimony. It was for the jury to weigh all the evidence, and give the defendant the benefit of every reasonable doubt. It was their duty under their oaths to give the whole testimony
27.

their most serious consideration, but it was their right to reject all such parts of it as they believed to be untrue. If they believe that Craig told Atzroth that Gamble's cow driver would point out the cow he had sold him, and that the cow in question was so pointed out, then the defendant ought to have been acquitted, but if they believed that the cow which Craig sold to Atzroth was in his (Atzroth's) pen at the time of this sale, so that he could be under no mistake about it, then they ought to have convicted him. It was their province to judge of the credibility of witnesses. Our conclusion is that the first ground on which a new trial was asked was not well taken.

The second ground was "because the jury should have found a verdict for defendant on the ground that there was no fraud proved against him." We do not think this allegation is sustained by the record. It is a well settled principle that if a man be found in possession of stolen property, the law presumes him to be the thief in the absence of satisfactory explanation.

The third ground for a new trial was, because it was not proven that the defendant marked and branded the cow.

As we have before stated, we think the jury had a right to arrive at the conclusion that he was guilty from the evidence. It was urged in argument that to constitute an alteration of the brand within the meaning of the statute, there must have been an obliteration or defacing of the former brand. We do not think so ; the putting of a different brand on an animal from that which was on it before, with intent to claim the same, is we think a violation of our statute. For illustration in this very case, it appears that the cow once belonged to Capt. Hooker, but when Mr. Goddard bought her he altered her brand to his own, not by defacing the old brand, but by putting his own upon her. And so in every case when a man buys a stock of cattle in another's brand, he does not undertake to obliterate the old brand, but only alters the brand by putting his own upon them.

Let the judgment of the Court below be affirmed.