## THE STATE v. GEORGE I. TURNER.

*Indictment—Negative Averments—Landlord and Tenant—Receivers—Evidence.*

1. The statute (*The Code,* § 1759) making the removal of a crop without notice and before discharging liens a misdemeanor, extends to and protects receivers charged with the management of lands.

2. Where such receiver made a lease of turpentine trees, the tenant was estopped to deny his authority to make the lease; but should proof of his authority be required, the highest evidence of it was the order of the Court making the appointment.

3. Where an indictment for removing a crop alleged that defendant did "rent from B.", and subsequently, that he did remove the crop without satisfying all liens held by said B.": *Held,* that this, in effect, sufficiently charged the relation of landlord and tenant, and that the "liens held by the lessor" were unpaid at the time of the alleged unlawful removal.

4. In an indictment for removing a crop, it is not necessary to negative the fact that, by agreement between the parties, it was stipulated that the crops should not be subjected to the statutory liens.

INDICTMENT for removing crop, tried at Fall Term, 1889, of JONES Superior Court, *Boykin, J.,* presiding.

The indictment charges that, on the 21st day of March, 1889, in the county of Jones, the defendant "did, by a certain contract and agreement, rent from C. C. Brown, receiver, certain turpentine trees on the lands known as," &c., "and afterwards, to-wit, on the first day of July, A. D. 1889, in said county, unlawfully and wilfully did remove from said land a part of the crop of turpentine raised during the lease and term aforesaid, * * * to wit, two barrels of turpentine, without the consent of the said C. C. Brown, and without giving him, the said C. C. Brown, five days' notice of such intended removal, and without satisfying *all liens held by said C. C. Brown on said crop of turpentine,* against," &c., &c.

The defendant pleaded not guilty.

On the trial the evidence produced by the State went to prove that the prosecutor had been appointed receiver in a certain action pending in the Superior Court of Jones County, and that as such he was charged with the land, and turpentine trees growing thereon, and that he leased the trees to defendant for the purpose of getting turpentine therefrom. The State offered the order appointing the said Brown receiver. Defendant objected. Objection overruled, and the defendant excepted.

There was a verdict of guilty. The defendant then moved in arrest of judgment upon the ground that the indictment did not charge that the turpentine was removed " without satisfying *all liens held by the lessor.*

The motion in arrest was denied. There was judgment against the defendant, and he. having excepted, appealed.

*The Attorney General,* for the State.
No counsel *contra.*

Merrimon, C. J.—after stating the case: The statute (*The Code,* § 1762) extends the other statute (*The Code* § 1759) to " all leases or contracts.to lease turpentine trees," and thus it is made a misdemeanor for the lessee of turpentine trees to remove any part of the turpentine crop in the like case as when the removal of the crop by an agricultural tenant is made such offence.

The first exception is without mer.t. As the defendant leased the turpentine trees from the prosecutor, he became the latter's tenant, and could not be heard to say that his landlord was not entitled to rent, and, therefore, had no lien on the crop. If the rights of third parties should arise otherwise than by assignment or operation of law, or if for any cause the landlord should not have the right to the rents and the benefit of the statutory lien on the crops, the tenant should take appropriate legal steps to protect himself

against criminal liability, if he should remove the crops otherwise than in the case allowed by the statute.

But, if in this case it was necessary for the prosecutor to show his right as receiver to let the turpentine trees to the defendant, it was obviously competent to put in evidence for that purpose the order of the Court appointing him to be such receiver. This would be the highest and best evidence of his authority. It was not objected that the order was defective and insufficient for the purpose of it. Nor could it be said that a receiver could not be invested with or have authority to let land or such trees to tenants. It might, in possible cases, be, indeed it is frequently, important to charge receivers with the duty to let land, secure rents and the like. The statute in terms, certainly in its spirit and in its purpose to protect landlords as to the rents due to them, extends to receivers letting land. Their rights clearly come within the mischief to be remedied.

And so, likewise, the second exception is unfounded. The indictment charges that the defendant "did, by a certain contract and agreement, rent from C. C. Brown," &c. It thus charged the relation of landlord, or lessor and tenant, the defendant being the tenant of the prosecutor as lessor. It further charged, in a subsequent part of the indictment, that the defendant removed two barrels of turpentine "without satisfying all liens held by said C. C. Brown on said crop of turpentine," &c. It thus, in effect, charged the removal of the turpentine "before satisfying all the liens held by the lessor" as certainly as if it had done so in very terms, because "said C. C. Brown" was charged in the indictment to be the lessor, or landlord. It will be observed that the statute does not extend to, and embrace, *all liens* the lessor may have on *any* property of the tenant, but only "all the liens held by the lessor or his assigns *on the crop*." The indictment here harmonizes with the statute in this respect, and sufficiently charges the

removal of the turpentine "before satisfying all the liens held by the lessor" on the crop.

The statute (*The Code,* § 1754) prescribes that "when lands shall be rented, or leased, by agreement, written or oral, for agricultural purposes, or shall be cultivated by a cropper, *unless otherwise agreed between the parties to the lease, or agreement,*" the lessor shall have a lien, &c. It has been contended that in this and like cases, the indictment should, in the appropriate connection, negative such exceptive agreement as that mentioned in the statute just cited. We do not think so, because, as contended by the Attorney General, the statute (*The Code,* § 1759) creating and defining the offence here charged, contains no such exception or qualification, or exceptive provision. Such agreement is, when it exists, matter of defence. When, ordinarily, an exception is contained in the same clause of the statute which creates the offence, the indictment must show negatively that the defendant, or the act charged in the indictment, does not come within the exception. But it is otherwise when the exception or qualification appears in separate and distinct clauses. In 1 Chitty's Cr. Law, 284, it is said, "When a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains." *State* v. *Norman,* 2 Dev., 222; *State* v. *Tomlinson,* 77 N. C., 528; *State* v. *Heaton,* 81 N. C., 542; Arch. Cr. Pl., 48; 1 Bish. Cr. Pros., § 375, *et seq.*

While the indictment is not so full and formal as it might and ought to be, we think it sufficient.

Affirmed.