# Townsend, et al. v. Miles. et al.

*Bill for Discovery and Accounting Against Administrator.*

(Decided June 1, 1910.   52 South. 651.)

1. *Equity; Jurisdiction; Transfer of Administration; Grounds.*—
Where the bill set up the necessity of a discovery from an administrator as to certain items of property belonging to her decedent, this was good ground for equitable interference for removing the estate

[Townsend, et al. v. Miles, et al.]

from the probate to the chancery court, although the administrator had filed her accounts for a settlement and the time for hearing the same had been fixed.

2. *Discovery; Bill; Sufficiency.*—Where complainants allege that they were the heirs of decedent, that the administratrix had intentionally left their name out of her petition for letters, that she had filed her account for final settlement but had not charged herself with certain property, and that to obtain a full and fair accounting it was indispensably necessary for complainants to have a full discovery from respondent administratrix of all the property or assets of every kind which were of the estate of the decedent, etc., the bill sufficiently alleges the necessity of a discovery to warrant transfer of the cause from the probate to the chancery court.

3. *Same; When Granted.*—A discovery may be denied where it is sought for the purpose of having access to books in the possession and control of the complainant, with the duty resting upon him to produce the account, but it will be granted where the complainant makes charges of certain irregularities on information and belief, and there is nothing to show that without discovery complainants could make legal and accurate proof of the facts alleged.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. Hudson Miles and others against Margaret Townsend as administratrix, and others, for accounting and discovery, and a removal of the estate from the probate to the chancery court. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

WARD & RUDOLPH, for appellant. The administrator had filed her account for final settlement, the day had been set for the hearing and the bill will not lie.—*Warring v. Lewis,* 53 Ala. 615; *Gamble's Case,* 54 Ala. 432; *Hill's Case,* 56 Ala. 118; *Newson v. Thornton,* 66 Ala. 314; *Dolan v. Dolan,* 91 Ala. 155; *Ligon v. Ligon,* 105 Ala. 460. The bill shows no special equity.—*Shackelford v. Bankhead,* 72 Ala. 476; *Eubank v. Clark,* 65 Ala. 245.

SAM WILL JOHN, for appellee. The bill complies with the rule laid by this court.—*Horton v. Mosely,* 17 Ala. 796; *Shackelford v. Bankhead,* 72 Ala. 479. The averments of the bill bring it within the rule laid down

for removing causes after an account for final settlement has been filed in the probate court.—*Levins v. Butler*, 8 Port. 398; *Blakey v. Blakey*, 9 Ala. 394; *Hundley v. Hundley*, 15 Ala. 98; *Wilson v. Crook*, 17 Ala. 60.

SIMPSON, J.—This bill was filed by appellees, stating that they are nephews and nieces of the decedent, Susan C. Owen, being the children of a deceased sister; that Margaret Townsend, who has taken out letters of administration on the estate of said Susan C. Owen, is a sister of intestate; that said Margaret Townsend, in making her petition for letters, intentionally left out the names of complainants among the heirs of said estate; that in her inventory she had omitted several sums for which she is accountable, among which are a large amount of household and kitchen furniture and an amount of $500 due by said Margaret to said intestate; that said Margaret Townsend claims to have set aside, or to hold, for a religious association called "Russell's Millenium Dawn," a large sum of money, to wit, $1,000; that said Margaret Townsend, as administratrix, has filed her account for a final settlement, but had not charged herself with any of the personal property before described; that in order to obtain a full and fair accounting, and their just share, one-third, of the estate of their said aunt, deceased, "it is indispensably necessary for them to have a full discovery from the defendant Margaret R. Townsend of all the property or assets of every kind which were of the estate of Susan C. Owen, deceased; and that the facts as above set forth cannot be otherwise proved than by answer of the defendant, which discovery she is capable of making." The appeal is from the decree overruling demurrers to the bill.

The contention of the appellants is that, as the bill shows that the administratrix had filed her account for

[Townsend, et al. v. Miles, et al.]

a final settlement and the time had been set for the hearing of the same, no independent equity is shown for the removal from the probate to the chancery court. There is no controversy in regard to this principle; but the bill sets up an independent equity, to wit, the necessity for a discovery, which is sufficient ground for removing the estate into the chancery court.—*Horton v. Moseley*, 17 Ala. 794, 796; *Wilson et al. v. Crook et al., Adm'rs.*, 17 Ala. 59; *Hunley et al. v. Hunley*, 15 Ala. 91, 98, 99, and cases cited. The allegations in regard to the necessity of discovery are sufficient.—*Continental Life Ins. Co. v. Webb, Adm'r.*, 54 Ala. 689, 697; *Shackelford v. Bankhead*, 72 Ala. 477, 479; *Handley v. Heflin*, 84 Ala. 600, 602, 4 South. 725; *Pollak v. H. B. Claflin Co.*, 138 Ala. 645, 650, 35 South. 645; I Pomeroy, Eq. Jur. (3d Ed.) p. 245, § 191.

The only answer made by the appellants to this point is that the bill shows that complainants had knowledge of all the matters as to which discovery is sought. This is not a sufficient reason for denying the discovery. While it may be that a discovery will be denied where it is sought for the purpose of having access to books which are in the possession and control of the complainant himself, with the duty resting upon him of producing the account (*Kane v. Schuylkill Fire Ins. Co.*, 199 Pa. 205, 48 Atl. 989, 990), yet that is not this case, where the complainants make charges of certain irregularities on information and belief, and there is nothing to show that complainants could make legal and accurate proof of the facts alleged. The bill states that it is indispensably necessary to have a full discovery, and that the facts cannot be otherwise proved.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.