J. L. GOFF, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. An information or indictment should state a *prima facie* case; and where the exclusion of any matter constitutes an essential and affirmative element of the offense charged, such matter should be negatived in the allegations. Matters that are not essential elements of the offense, but are in the nature of a defense need not be negatived in charging the offense.

2. An intent to injure the insurer of the building is not an element of the offense defined in section 3276 of the General Statutes, and the offense defined in section 3278 is a substantive crime, therefore an information under section 3276 need not negative that the building was burned with intent to injure the insurer of the building.

3. In a prosecution under section 3276 of the General Statutes of 1906, an allegation that the "building was then and there the property of" a named person is sufficient as to the ownership of the building, and the description of the building as "a business house * used and occupied as a meat market" is sufficient.

4. Alleged errors in the admission or rejection of testimony which do not weaken the effect of testimony properly admitted, and which do not reach the legality of the trial itself, will not cause a reversal of a judgment of conviction where the legal evidence admitted leaves no room for reasonable doubt of the defendant's guilt.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Suwannee County.

The facts in the case are stated in the opinion of the court.

*John F. Harrell,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted of arson in the Criminal Court of Record for Suwannee county, and on writ of error argues that a motion to quash the information should have been granted and that immaterial evidence was introduced at the trial.

The information charges that the defendant did in Suwannee county on the day named "unlawfully, wilfully and maliciously set fire to and burn a certain building there situate, to-wit: a business house, which said building was then and there being used and occupied as a meat market and bowling alley; that said building was then and there the property of E. L. Parshley, and that said building was not then and there a dwelling-house, nor a building adjoining a dwelling-house, and was not then and there a house or building erected for public use, nor a banking house, warehouse, manufactory nor mill, nor a barn, stable, shop or office within the curtilage of a dwell-

ing-house, nor any other building by the burning whereof any of the aforesaid buildings were burned."

The statute under which this information is brought provides that "whoever wilfully and maliciously burns a barn, stable, shop, office, outhouse or other building whatsoever of another, other than is mentioned in sections 3273 and 3274, or a bridge, lock, dam or flume, or a sloop or vessel of another, shall be punished by imprisonment in the State prison not exceeding ten years." Section 3276 General Statutes of 1906.

It is contended that as Section 3278 of the General Statutes prescribes that "whoever burns a building　*　*　* which is at the time insured against loss or damage by fire, with intent to injure the insurer, whether such person is the owner of the property burnt or not, shall be punished by imprisonment in the State Prison not exceeding twenty years," the indictment in this case should negative that the building was burned "with intent to injure the insurer," to prevent a prosecution under section 3278.

An information or indictment should state a *prima facie* case; and where the exclusion of any matter constitutes an essential and an affirmative element of the offense charged, such matter should be negatived in the allegations. Matters that are not essential elements of the offense, but are in the nature of a defense need not be negatived in charging the offense. See 1 Bishop's New Crim. Proc. Paragraph 631; State v. Turner, 106 N. C., 691, 10 S. E. Rep., 1026, 10 Current Law, 76; 8 Current Law, 196; 5 Current Law, 1803; 22 Cyc., 344; 10 Enc. Pl. & Pr., 495; State v. Paige, 78 Vt.; 286., 6 Am. Cas. 725 and notes.

An intent to injure the insurer of the building is not an element of the offense defined in section 3276, and the

offense defined in section 3278 is a substantive crime, therefore an information under section 3276 need not negative that the building was burned with intent to injure the insurer of the building.

If a prosecution under one of the sections is a bar to a prosecution under the other that is a matter of defense in the second prosecution.

The indictment does negative matters stated in sections 3273 and 3274 because their exclusion is an essential element in the offense under section 3276.

It is also contended that the information should allege by whom the building was occupied. This is not essential in a prosecution under section 3276. The case of Hicks v. State, 43 Fla., 171, 29 South. Rep., 631, referred to in support of the contention construes section 3273, of the General Statutes, then section 2426, of the Revised Statutes, which refers to *dwelling houses*.

Section 3276 of the General Statutes of 1906 imposes a penalty for burning "any building whatsoever of another," other than those mentioned in sections 3273 and 3274, and not for burning a building occupied by another. Under this section an allegation that the "building was then and there the property of E. L. Parshley" is sufficient as to the ownership of the building, and the description of the building in the information as "a business house * * * being used and occupied as a meat market and bowling alley" is sufficient.

The motion to quash the information was properly denied.

Alleged errors in the admission or rejection of testimony which do not weaken the effect of testimony properly admitted, and which do not reach the legality of the trial itself, will not cause a reversal of a judgment of conviction where the legal evidence admitted leaves no room

for reasonable doubt of the defendant's guilt. Hopkins v. State, 52 Fla., 39, 42 South. Rep., 52; Byers v. Territory, 103 Pac. Rep., 532.

The testimony of two eye witnesses to the offense charged is positive and unequivocal, and is not controverted, leaving no room for doubt of the defendant's guilt as charged. This being so, and as the testimony alleged to have been improperly admitted does not affect the legality of the trial, the rulings complained of, even if erroneous, may be treated as immaterial and harmless.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.