RAYMOND JOHNSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 12, 1920.

1. It is not error to permit a non-expert witness to testify as to the nature of pistolshot wounds in the body of a person recently deceased and to state that the wounds, being "two big wounds" in the breast, were sufficient to cause the death of the person.

2. The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding.

A Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*Cone & Chapman,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment for murder in the second degree Raymond Johnson was convicted of manslaughter, and on writ of error argues here that errors were committed in stated rulings upon the admissibility of testimony and in denying a new trial.

It is not error to permit a non-expert witness to testify as to the nature of pistolshot wounds in the body of a person recently deceased and to state that the wounds, being "two big wounds" in the breast, were sufficient to cause the death of the person. Edwards v. State, 39 Fla. 753, 23 South. Rep. 537; Revels v. State, 64 Fla. 432, 59 South. Rep. 951. It is conceded that the wounds caused the death, the defense interposed being the right of self-defense. Bellamy v. State, 56 Fla. 43, 47 South. Rep. 868.

The testimony as to statements made by the defendant that he killed the deceased, even if improperly admitted in evidence, was harmless, since the defendant admitted the killing and claimed self-defense as a justification.

There was no error in excluding testimony tending to show improper relations between the deceased and the defendant's wife, as such matters had no direct bearing upon the issues being tried.

There is ample evidence to sustain the verdict and no errors of law or of procedure appear.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.