BERNICE E. LARMON, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed April 16, 1921.

HOMICIDE—EVIDENCE—VERDICT FOR MURDER
IN SECOND DEGREE WILL NOT BE DISTURBED
IF EVIDENCE JUSTIFIES A CONVICTION OF
MURDER IN THE FIRST DEGREE—A CHARGE
OF THE COURT EXPRESSLY APPLIED AND
CONFINED TO ONE OF TWO CO-DEFENDANTS
WHO IS ACQUITTED BY THE JURY, CANNOT
BE ASSIGNED AS ERROR BY THE CO-DEFEND-
ANT WHO IS CONVICTED.

1.  In a trial for murder by means of a bullet fired through the
    head of the deceased, the skull of the deceased, when identi-
    fied, is admissible in evidence when it furnishes an ocular
    demonstration to the jury of the places of entrance and
    exit and course of the bullet that produced the death, and
    illustrates and corroborates the evidence of the surgeon
    who conducted the post mortem examination of the deceased.
    The automobile in which the deceased and the defendant
    were riding at the time of the homicide when sufficiently
    identified is also admissible in evidence for similar reasons
    to the admissibility of the skull, when by a bullet hole in
    its top, and blood stains on its cushions it tends to illus-
    trate the course of the bullet after it passed through the
    skull of the deceased and the relative positions of the parties
    at the time of the killing.

2.  A charge by the court that is specifically and expressly ap-
    plied and confined by name to one of two co-defendants who
    is acquitted, cannot avail on writ of error the other co-
    defendant who is convicted, even though such charge be
    erroneous.

3. A verdict convicting of murder in the second degree will not be set aside on the ground that the evidence does not make out that degree of the crime in terms as defined by the statute, if the evidence in the case would have supported a finding of murder in the first degree.

A Writ of Error to the Circuit Court for Leon County; E. C. Love, Judge.

Affirmed.

*Myers & Myers* and *W. C. Hodges,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error hereinafter referred to as the defendant, together with his wife, Margaret Larmon, were indicted by the grand jury in the Circuit Court for Leon County for murder in the first degree of one Ralph H. Rushing. He was tried and convicted on the 7th day of July, 1920, of murder in the second degree and sentenced to life imprisonment in the penitentiary; his co-defendant, Margaret Larmon, being acquitted.

He brings this judgment here for review by writ of error.

It is admitted that the deceased, Rushing, came to his death from a pistol ball of large calibre fired through his head; the ball entering to the right of the middle line of the skull behind the right ear, ranging upward and to the left and coming out through the eye socket of the left eye, and passing through the lefthand top corner of the top of the automobile in which the deceased was sitting at the time he was shot.

The first, second and third assignments of error, argued here, complain of the admission in evidence, over the defendant's objection, of the skull of the deceased. The objections argued to its admission are that the facts sought to be elicited by its introduction in evidence could be shown by other and competent testimony, and that said skull being a gruesome and repulsive object would tend to improperly influence the jury in arriving at their verdict; and (2) that the skull was not shown to be in the same condition at the time of its proffer in evidence as it was when severed from the body of the deceased.

There was no error in the admission of the skull in evidence. It was fully identified by a skilled physician and surgeon who amputated it from the body of the deceased, and who testified that it had been kept in his possession ever since. It was substantially in the same condition as when it came from the body, except that a small piece of bone that had been torn loose from its place at the exit of the ball had dropped out after the tissues holding it in place had dried up and deteriorated by time, but this piece of bone was there at the trial, so that the jury could see it and the place in the skull from which it had dropped. The skull was properly admitted in evidence. It exhibited an ocular demonstration to the jury of the places of entrance and exit and direction and course of the bullet that produced the death, and fully corroborated and illustrated the evidence of the surgeon on these points. 2 Wigmore on Ev. Sec. 1157, and authorities cited; Wharton's Crim. Ev. (10th ed.) p. 1074, Sec. 518c, and authorities cited; Thrawley v. State, 153 Ind. 375, 55 N. E. Rep. 95; Savary v. State, 62 Neb. 166, 87 N. W. Rep. 34.

The sixth and seventh assignments of error complain of the inspection by the jury, over the defendant's objection, of the automobile in which the deceased and the two defendants were riding at the time of the killing. The objection urged here to this evidence is that there was no proper identification of the automobile as being the one in which the homicide was committed. We could refrain from consideration of these assignments, since no such objection to the view of the automobile by the jury was advanced or urged in the court below at the trial. But we have examined the evidence in the record and are of the opinion that there was ample evidence of its identification by its owner. The automobile was admissible in evidence for the same or similar reasons that the skull of the deceased was admitted, and there was no error in its admission. Ryan v. State, 60 Fla. 25, 53 South. Rep. 448; Johnson v. State, 65 Fla. 492, 62 South. Rep. 655.

The eleventh assignment of error complains of the giving to the jury of the following extract of a charge by the court:

"Culpable negligence is the omission to do something which a reasonable, prudent, cautious and honest man would do, or doing something such a man would not do, under all the circumstances of the particular case."

The use of the word *"honest"* in this definition of culpable negligence is chiefly urged here as error. While we are inclined to the opinion that the word "honest" was improperly used in this charge, still if error it was, it does not and cannot avail this plaintiff in error, since the charge of which the above quotation was a part was specifically and expressly applied and confined to the co-defendant Margaret Larmon, who was acquitted by the jury, and consequently is not here complaining of it.

The seventeenth and last assignment of error presented here complains of the denial of the defendant's motion for a new trial, made upon the ground that there is no evidence to support the verdict returned by the jury of guilty of murder in the second degree.

While the evidence in the case does not make out a case of murder in the second degree within the express terms of the statute defining that offense, yet it is settled law here that under the provisions of Chapter 4392, Laws of 1895, if the defendant be found guilty of an offense lesser in degree, but included within the offense charged in the indictment, such verdict shall not be set aside by the court upon the ground that such verdict is contrary to the evidence, if the evidence produced in such case would have supported a verdict of guilty of the greater offense. McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; Morrison v. State, 42 Fla. 149, 28 South. Rep. 97.

In the last cited case the court has held that: "A verdict convicting of murder in the second degree will not be set aside on the ground that the evidence does not make out that degree of the crime in terms as defined by the statute, if the evidence in the case would have supported a finding of murder in the first degree."

We are clearly of the opinion that the evidence contained in this record made out a case of murder in the first degree; because the jury were lenient, where no leniency was due, in returning a verdict for the lesser degree of murder, under the cases above cited, we cannot disturb such verdict and, consequently, the judgment of the Circuit Court in the case is hereby affirmed at the cost of the plaintiff in error.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.