JOE PITTMAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 23, 1921.

1. To so modify a requested instruction as to make it accord with the facts in proof is not error.

2. It is not error to refuse to give requested instructions upon points of law covered by the general charge.

3. Evidence examined and found sufficient to support the conviction of murder in the second degree.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Affirmed.

*W. E. B. Smith*, for Plaintiff in Error;

*R. H. Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WEST, J.—The grand jury empaneled in Jackson County at a regular term of the Circuit Court returned an indictment against the defendant charging him with murder in the first degree. Upon a trial he was found guilty of murder in the second degree. Motion for new trial was made and denied. The statutory penalty for such offense was imposed. From the judgment imposing sentence writ of error was taken from this court.

There are two assignments of error. The first questions the propriety of the refusal of the trial judge to give an instruction on behalf of defendant to the jury in the form

prepared by his counsel and the giving of the instruction after modifying and amending it. The charge as given, with the words inserted by the Court italicized, is as follows: "In arriving at your verdict and in determining whether or not defendant was justifiable in his act, you may take into consideration whether or not deceased had threatened defendant, *which threats had been communicated to him or made to him,* and whether or not defendant acting as reasonable, prudent and cautious man would have acted under similar circumstances, had reason to believe he himself was in danger of great bodily harm at the hands of the deceased."

The purpose of this instruction was to submit to the jury the question of whether or not defendant acted as a reasonably prudent and cautious man would have acted under similar circumstances and to point out to them that in their deliberations upon this question defendant was entitled to have them take into consideration the fact of threats alleged to have been made against him by the deceased.

The fact that deceased had threatened the life of defendant was proved. That such threats had been communicated to defendant before the homicide was testified to by defendant himself. There was no dispute upon the point of whether threats were made or whether such threats had been communicated to defendant. How the alleged threats of the deceased could have affected the conduct of defendant without having been communicated to him is not suggested, and it would seem that it could not reasonably be urged that an uncommunicated threat would have influenced defendant's action. To so qualify a requested instruction as to make it accord with an undisputed fact cannot be harmful.

The other assignment of error is predicated upon the order overruling defendant's motion for new trial. One of the grounds of this motion is that the Court erred in refusing to give three special charges requested by defendant. These charges the Court refused on the ground that the points were covered by the general charge given by the Court. An examination of the charge of the Court discloses that the subjects embraced in the special charges requested were fully covered by the general charge. It is not error to refuse to give requested charges upon points of law covered by the general charge. Blackwell *et al.* v. State, 79 Fla. 709, 86 South. Rep. 224; Lockhart *et al.* v. State, 79 Fla. 824, 85 South. Rep. 153; Bennett v. State, 65 Fla. 85, 61 South. Rep. 127; Owens v. State, 65 Fla. 483, 62 South. Rep. 651; Robertson v. State, 64 Fla. 437, 60 South. Rep. 118.

Other grounds of the motion for new trial raise the question of the sufficiency of the evidence to support the verdict. There is ample evidence to support a conviction of murder in the second degree. It is true, as we have said, that it was proved that deceased had prior to the homicide threatened to take the life of defendant. But at the time of the killing of the deceased by the defendant, which he admitted, deceased seemed to be making no efforts to put his threats into execution and there was no real or apparent necessity for taking his life by defendant.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.