ROBERT JOYNER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 10, 1923.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*Wm. A. Hallowes, Jr.*, and *Miles W. Lewis*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant, for the State.

PER CURIAM.—On the authority of Larmon v. State, 81 Fla. 553, 88 South. Rep. 471; Snelling v. State, 49 Fla. 34, Fuentes v. State, 64 Fla. 64; Dickens v. State, 50 Fla. 17; Daniels v. State, 82 Fla. 387, 90 South. Rep. 159; Logan v. State, 58 Fla. 72, 50 South. Rep. 536; Gee v. State, 61 Fla. 22, 54 South. Rep. 458; Goff v. State, 60 Fla.

13, 53 South. Rep. 327; Owens v. State, 65 Fla. 483, 52 South. Rep. 651; Pittman v. State, 82 Fla. 24, 89 South. Rep. 336; Dixon v. State, 79 Fla. 586, 84 South. Rep. 541; Johnson v. State, 80 Fla. 61, 85 South. Rep. 155; Reeves v. State, 68 Fla. 96, 66 South. Rep. 432; Lewis v. State, 84 Fla. 466, 94 South. Rep. 154, and other similar decisions, as to errors of procedure, if any, being harmless in view of the evidence showing guilt as found, the judgment of conviction herein of murder in the second degree should be affirmed.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. Johnson v. State, 80 Fla. 61; 77 Fla. 602.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.