J. O. LUKE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 14, 1923.

Where the only assignments of error argued are certain rulings on the admissibility of testimony, and such rulings, even if erroneous, were obviously not prejudicial to the defendant; and there is ample competent evidence to sustain the verdict, no material error of law or of procedure appearing, the judgment of conviction will be affirmed.

A Writ of Error to the Circuit Court for Bradford County; A. V. Long, Judge.

Judgment affirmed.

*D. E. Knight,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for the State.

PER CURIAM.—At a trial on an indictment charging an assault with intent to commit murder, the defendant was convicted of an assault with intent to commit manslaughter. On writ of error six assignments of error predicated upon rulings on the admissibility to testimony are argued.

Even if error was committed in any of such rulings they were not material or harmful in view of the evidence and of the record of the proceedings at the trial.

There is ample evidence to sustain the verdict and the judgment of the conviction is a proper one in this record.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the Court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. Johnson v. State, 80 Fla. 61, 85 South. Rep. 155; Breen v. State, 84 Fla. 518, 94 South. Rep. 383.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.