LEMAN ELLIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 19, 1923.

Petition for Rehearing Denied July 26, 1923.

1. Under Sections 2812 and 2918 Revised General Statutes of 1920, the appellate court should "examine the record" and upon "an examination of the entire case," affirm the judgment, sentence or decree if it is not duly made to appear by the record that the error complained of has resulted in a miscarriage of justice or that the judgment or decree is invalid or erroneous because of illegality or of prejudicial error in the proceedings.

2. In an appellate court, if "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice," or that because of the error complained of the judgment or decree rendered is legal or does not accord with substantial justice under the law, the appellate court should reverse the judgment or decree or make appropriate orders in the case.

3. Where there is ample evidence to sustain the verdict and no harmful errors of law or of procedure appear, the judgment will be affirmed.

A Writ of Error to the Criminal Court of Record for Hillsborough County; Lee J. Gibson, Judge.

Affirmed.

*G. H. Cornelius,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WHITFIELD, J.—The conviction of grand larceny herein is fully sustained by the evidence, the conflicts in the testimony as to the date of the commission of the offense being settled by the jury, their determination involved in the verdict of guilty as charged, that the larceny was committed within two years before the information was filed, having sufficient evidentiary support. No material or harmful errors appear, and the judgment should be affirmed.

Section 2812 Revised General Statutes, 1920, provides that "No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."

Section 2918 Revised General Statutes, 1920, provides that "It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

Under the above quoted statutes the Appellate Court should "examine the record" and upon "an examination of the entire case," affirm the judgment, sentence or decree if it is not duly made to appear by the record that the error complained of has resulted in a miscarriage of justice or that the judgment or decree is invalid or erroneous because of illegality or of prejudicial error in the

proceedings. If "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice," or that because of the error complained of the judgment or decree rendered is illegal or does not accord with substantial justice under the law, the Appellate Court should reverse the judgment or decree or make appropriate orders in the case.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. Johnson v. State, 80 Fla. 61, 85 South. Rep. 155; Shuler v. State, 84 Fla. 414, 93 South. Rep. 672.

Affirmed.

TAYLOR, C. J., AND WEST AND TERRELL, J. J., concur.

ELLIS AND BROWNE, J. J., dissent.

BROWNE, J.—Dissenting.

I think the testimony wholly fails to connect Leman Ellis with the taking of the syrup, and therefore dissent.

ELLIS, J., concurs in this dissent.