GEORGE DRIGGERS, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*. ·

Division B.

Opinion Filed October 9, 1925.

1. No material or harmful error of law or procedure being made
to appear in the record of the trial, and there being evidence
legally sufficient to sustain the verdict, the judgment herein
of conviction of the statutory offense of fraudulently altering
the marks of an animal with intent to claim the same, is
affirmed.

2. The points decided in the case of Hart v. State, Fla. 103
South. Rep. 633, are stated in the headnotes.

3. Alleged errors in giving or refusing charges or instructions
and in the admission or rejection of testimony which do not
weaken the effect of the admitted testimony, and which do
not reach the legality of the trial itself will not be considered
grounds for reversal where the evidence leaves no room for
reasonable doubt of the defendant's guilt.

4. The judgment should not be reversed or a new trial granted
in any case, civil or criminal, for errors in rulings upon the
admission or rejection of evidence, or for errors in giv-
ing or refusing charges, or for errors in any other matter
of procedure or practice, unless it shall appear to the court
from a consideration of the entire cause that such errors
injuriously affect the substantial rights of the complaining
party. Nor should a judgment be reversed or a new trial
granted on the ground that the verdict is not sustained by the
evidence, unless it appears that there was no substantial evi-
dence to support the finding, or that upon the whole evidence
the verdict is clearly wrong, or that the jury were not gov-
erned by the evidence in making their finding.

A Writ of Error to the Circuit Court for Dixie County;
M. F. Horne, Judge.

Affirmed.

*W. P. Chavous,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant, for the State.

PER CURIAM.—The conviction herein of the statutory offense of fraudulently altering the marks of an animal with intent to claim same (See 5176 Rev. Gen. Stats. 1920) is in accord with controlling rules of law as to the charges given, see Atzroth v. State, 10 Fla. 207; Williams v. State, 40 Fla. 480, text 483, 25 South. Rep. 143; as to charges refused being covered by charges given, Groover v. State, 82 Fla. 427, 90 South. Rep. 473; as to admission of objectionable evidence where it is in substance otherwise admitted in evidence, Mercer v. State, 83 Fla. 555, 92 South. Rep. 535, as to general objections to evidence, Flores v. State, 72 Fla. 302, 73 South. Rep. 234; as to evidence of other independent acts tending to show intent, Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; as to evidence obtained on arrest, State *ex rel.* Stillman v. Merritt, 86 Fla. 164, 99 South. Rep. 230.

The evidence is legally sufficient to sustain the verdict, and no material errors appear. See Shuler v. State, 84 Fla. 414, 93 South. Rep. 672.

The points decided in Hart v. State, — Fla. —, 103 South. Rep. 633, appear in the head-notes.

Alleged errors in giving or refusing charges or instructions, and in the admission or rejection of testimony which do not weaken the effect of the admitted testimony, and which do not reach the legality of the trial itself will not be considered grounds for reversal where the evidence leaves no room for reasonable doubt of the defendant's guilt. Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52; Goff v. State, 60 Fla. 13, 53 South. Rep. 327; Gee v. State, 61 Fla.

22, 54 South. Rep. 458; Poyner v. State, 81 Fla. 726, 88 South. Rep. 762.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. Johnson v. State, 80 Fla. 61, 85 South. Rep. 155; Breen v. State, 84 Fla. 518, 94 South. Rep. 383.

Affirmed.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur in the opinion.