PER CURIAM.
Appellant was charged with the crime of being an accessory after the fact to second degree murder. She plead not guilty and upon trial was found guilty by the jury of the crime of being an accessory after the fact to manslaughter. The court entered its judgment and conviction and sentenced the appellant to three years in the state penitentiary.
Appellant contends that the trial judge erred in instructing the jury on the degrees of homicide where the appellant was charged as an accessory after the fact to second degree murder; that the evidence was insufficient to support the verdict and judgment and that the prosecutor’s remarks were so prejudicial as to deny the appellant a fair trial.
We find these contentions to be without merit. See: Driggers v. State, 90 Fla. 324, 105 So. 841 (1925); Nickels v. State, 90 Fla. 659, 106 So. 479, 489 (1925); Killingsworth v. State, 90 Fla. 299, 105 So. 834, 837 (1925); Hearn v. State, 43 Fla. 151, 29 So. 433 (1901).
Affirmed.