BUCK CLINTON AND EDWARD CLINTON, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Private counsel who gives aid in the prosecution of a case as the solicitor may permit or require are not "assistant solicitors" "within the contemplation of General Statutes §3880.

2. Hostilities between the families of the person whose dwelling is burned and those accused of the arson are admissible as tending to show motive.

3. If an accused voluntarily becomes a witness, his general reputation for truth and veracity may be impeached.

4. Where a State's witness testifies in chief only to reputation for truth and veracity, the defense cannot complain of evi-

dence as to general bad character elicited only in the cross-examination.

5.  Evidence impeaching a witness will not be stricken because its probative force has been weakened on cross-examination.

6.  The evidence justified the verdict.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record, Orange County.

The facts in the case are stated in the opinion of the Court.

*S. J. Hilburn* and *L. G. Starbuck,* for Plaintiffs in Error.

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—The plaintiffs in error were convicted of arson and were sentenced to the State's prison for the terms of ten and two years respectively. This is the third time this case has been before this court. See 53 Fla. 98, 43 South. Rep. 312, and 56 Fla. 57, 47 South. Rep. 389.

The first two assignments are upon the failure of the minutes to show the appointment and qualification of attorneys Perkins and Landis as assistant county solicitors. It does not appear that they acted as such; on the contrary the county solicitor was at all times in active charge of the case, the two attorneys rendering only such aid as he might permit or require. The statutory office of "assistant solicitor" with power to perform the duties of the solicitor has wholly different duties and powers, and the section, 2880 Gen. Stats. of 1906, relied on has no applicability.

The State was permitted to show various acts of hostilities exhibited by the Clinton family against Goodrich

the owner of the dwelling that was burned. Without specifying them, we may say that in the main similar objections were held untenable on the former hearing and were admissible as showing motive.

Other assignments are upon the impeachment of the defendants who voluntarily became witnesses at this trial. It is argued that they did not put their character in evidence, and therefore the State could not attack it. That well known rule has been wholly misunderstood by counsel. The State did not attack their general character, but their reputation for truth and veracity was made a possible issue when they took the stand as witnesses. This distinction was clearly drawn in the opinion upon the first appearance of the case in this court and the State kept clearly within the rule. Upon cross-examination of one of the impeaching witnesses for the State something was brought out that looked to a general impeachment of character, but the State was not responsible for this evidence. One impeaching witness after a lengthy cross-examination surmised that something other than the general reputation for truth and veracity of the defendant may have influenced his opinion that he could not be believed on oath and the defense immediately moved to strike the whole testimony. The answer tended to shake the weight to be given his testimony and opened the way for further examination along the same line, but we think it hardly sufficient to destroy the admissibility of the evidence.

Several exceptions are reserved to the argument of counsel for the State. While the language objected to is forceful and at times borders on the limits of propriety we do not find any of it going so beyond as to call for reversal.

After so many verdicts of impartial juries and approval by different trial judges it would take much weaker evi-

dence than is disclosed on this record to justify us in reversing upon the facts. The defendants have had every safeguard provided by the law, they have been fairly convicted, and we discover no error of law.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J. Concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.