WILLIAM KNIGHT, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A conviction may be had upon the uncorroborated testimony of an accomplice where it satisfies the jury of the defendant's guilt beyond a reasonable doubt.

2. The credibility and weight of testimony are for the determination of the jury in a criminal prosecution.

3. Where there is evidence to support a verdict and there is nothing in the record to indicate that the jury were not governed by the evidence at the trial, the verdict will not be set aside as being against the evidence.

4. In a prosecution for wilfully and maliciously burning a dwelling house where the evidence shows the building burned was used as a dwelling house as alleged, it is not error to confine the issues to the charge made under the statute.

5. The following charge is not erroneous when there is evidence upon which it may be predicated: "The defense of an alibi has been offered which means that the defendant was not there when the house was set fire to and consequently did not do it. If from the evidence in the case you have a reasonable doubt as to the truth of the alibi, that is to say, whether the defendant was there or not, then you should give him the benefit of such reasonable doubt and find him not guilty."

6.    It is not error to merely fail to define reasonable doubt to the jury when there is no request for it.

This case was decided by Division A.

Writ of Error to the Circuit Court for Clay County.

The facts in the case are stated in the opinion of the court.

*F. W. Pope,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—William Knight was convicted of arson in the circuit court for Clay county, and took writ of error.

The indictment charges that the defendant  *  *  * did "willfully and maliciously set fire to and burn a certain building, to-wit: a barn  *  *  * adjoining the dwelling house of one George Hagans there situate, and by the kindling of said fire and the burning of said building the said dwelling house of the said George Hagans was then and there wilfully and maliciously burned and consumed."

The statute is as follows: "Whoever wilfully and maliciously burns the dwelling house or any building adjoining such dwelling house, by the burning whereof such dwelling house is burnt, shall be punished by imprisonment in the State prison for life, or for such term as the court may direct."

It is shown in evidence that the building was used as a dwelling house as alleged, and the court properly limited the consideration to the charge as made under the quoted statute. Hicks v. State, 43 Fla., 171, 29 South. Rep., 631.

A conviction may be had upon the uncorroborated testi-

mony of an accomplice where it satisfies the jury of the defendant's guilt beyond a reasonable doubt. Jenkins v. State, 31 Fla., 196, 12 South. Rep., 677.

An accomplice testified to the burning by the defendant as alleged and this testimony has support in circumstances among them being the previous discharge of the defendant by the owner of the buildings by whom he had been employed for a number of years and the failure of the defendant to make any reply when accused of the crime just after the fire. The defendant introduced evidence of an alibi, but the jury returned a verdict of guilty. There is evidence to support the verdict and as there is nothing in the record to indicate that the jury were not governed by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla., 4, 39 South. Rep., 188; Clinton v. State, 58 Fla., 23, 50 South. Rep., 580.

There was no error in giving the following charge: "The defense of an alibi has been offered which means that the defendant was not there when the house was set fire to and consequently did not do it. If from the evidence in the case you have a reasonable doubt as to the truth of the alibi, that is to say, whether the defendant was there or not, then you should give him the benefit of such reasonable doubt and find him not guilty." Caldwell and Larkins v. State, *supra*. There was no request for a definition of reasonable doubt.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.