## Commonwealth *v.* Pezzi, Appellant.

*Criminal law—Murder—Evidence — Clothing — Memorandum book—Revolvers.*

1. On a trial for murder, it is proper for the Commonwealth to show that the clothing belonging to an accomplice previously convicted, were found in rooms occupied by both, before and after the murder.

2. In such case, it is also proper to offer in evidence a hat bearing marks indicating its purchase at a store near the place of the crime, and found in a room jointly occupied by defendant and his associate, after the crime.

3. In such case, a memorandum book found in defendant's room is admissible where it appears that the book contained a plan of the vicinity of the crime indicating the way of escape.

4. It is also proper to admit in evidence two revolvers belonging to defendant, and his associate, found in a hotel room which they occupied, and of a caliber similar to the bullets used at the time of the murder.

Argued May 11, 1925. Appeal, No. 104, March T., 1925, by defendant, from judgment of O. and T. Cambria Co., Dec. T., 1924, No. 2, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Tony Pezzi. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, on which sentence was passed. Defendant appealed.

*Errors assigned* were, inter alia, various rulings on evidence, referred to in the opinion of the Supreme Court, quoting the bills of exceptions.

*Philip N. Shettig,* with him *George A. Foster,* for appellant.

*D. P. Weimer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE FRAZER, June 27, 1925:

Defendant was jointly indicted with Michele Bassi on the charge of murder committed during the perpetration of a robbery near the town of Colver in Cambria County. Separate trials were demanded and both were convicted of murder of the first degree. An opinion in the case of an appeal by Bassi is filed herewith. As in the Bassi case, defendant is apparently satisfied of the sufficiency of the evidence to support the verdict as the questions raised in this appeal relate entirely to the admissibility of evidence offered by the Commonwealth.

The first and second assignments complain that the trial judge erred in admitting in evidence a vest and pair of trousers taken from a hand bag found in a room previously occupied by Bassi and three other persons, also a coat and pair of trousers of like material and bearing the same mark of identification, found in a hotel room occupied by defendant and Bassi in the town of Clinton, in the State of Indiana. There was evidence that these articles of clothing correspond with clothes worn by Bassi at the time the crime for which he stood indicted was committed, and were offered in evidence by the Commonwealth as tending to corroborate the theory that defendant was acquainted with Bassi, and associated with him both before and after the robbery and murder and assisted in planning to carry it out. The Commonwealth also offered in evidence a hat bearing marks indicating its purchase at the store of a

merchant located near the place of the robbery and which had been found in the hotel room occupied by defendant and Bassi. The merchant identified defendant as having been in his place of business but was unable to recall selling him the hat. It was offered for the purpose of showing defendant was in the neighborhood of the store at which the hat was purchased shortly before the crime was committed, and that he disappeared from the locality, evidently going to Clinton, Indiana, with Bassi following the robbery, thus tending to identify defendant as one of the bandits. This evidence was properly admitted, its weight being for the jury.

Defendant further complains of the admission in evidence of a memorandum book found in the room occupied by him and others, including Bassi, containing a sketch of the railroad station where the crime was committed, the roads leading from the locality, near-by towns and similar data, showing a study of the surrounding country. We held this evidence properly admitted in the trial of Bassi as tending to show a plan of escape, and see no reason why it is not equally admissible here. Though there was no direct proof of ownership of the plan, the circumstances inclined to support the inference that defendant and Bassi had together planned the crime and also the means of escape; as such, it was submitted to the jury under proper instructions.

It is finally contended the court erred in admitting in evidence two revolvers, one of which belonged to defendant and the other to Bassi, both of which were taken from a hand bag found in a room of the hotel where they had temporary quarters. While the Commonwealth was unable to prove these were the identical weapons used in the perpetration of the crime, the fact that they were in possession of defendant and his companion, were proved to belong to them and were of a caliber similar to the bullets fired at the guards at the time of

the robbery, made them competent; the weight of the evidence, however, was for the jury.

The judgment of the court below is affirmed and the record ordered remitted for the purpose of execution.