FLOYD MARTIN, *Plaintiff in Error*, v. STATE OF FLORIDA, DEFENDANT IN ERROR.

Opinion filed June 17, 1930.

Petition for rehearing denied July 21, 1930.

*M. D. Carmichael* and *R. K. Lewis,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

Floyd Martin, hereinafter referred to as the defendant, was convicted in the Criminal Court of Record of Palm

Beach County of robbery and sentenced to the State prison for a period of fifteen years.

A motion for new trial was denied and the case is here for review upon writ of error.

The defendant's contentions here are:

(1) That there is a fatal variance between the offense charged and the one proven; and

(2) That error was committed in admitting "extra judicial identifications" of the defendant.

In urging the first contention, defendant insists that the information being based upon Section 7158, Comp. Gen. Laws of Florida, 1927, a statement should have been incorporated in the charge to the effect that defendant committed the robbery "not being armed with a dangerous weapon," to distinguish it from Section 7157, Comp. Gen. Laws of Florida, 1927, which defines and provides the penalty for robbery while "being armed with a dangerous weapon."

While the evidence shows that the robber was armed with a dangerous weapon (a pistol) at the time of the robbery, and that he pointed it at his victims with a threat to shoot, this alone would not prevent the offense being any the less a robbery committed "by force, violence or assault, or putting in fear" under said Section 7158. The information charges that the defendant made an assault upon Mrs. Ordway and then and there did "put the said Josephine Ordway in fear and danger of her life" and then and there rob her (of the property described).

In the case of Montsdoca v. State, 84 Fla. 82, 93 So. R. 157, 27 A. L. R. 1291, this Court held that:

"If property the subject of larceny is unlawfully taken from another either by force or violence or by assault or by putting in fear, the offense denounced by the statute is committed. The indictment charges

these alternative ingredients of the offense conjunctively and the charge should be sustained if either alternative ingredient is proven.'' See also McDuffee v. State, 55 Fla. 125, 46 So. R. 721.

The degree of force used is immaterial. All the force contemplated by the law to make the offense robbery is such as is actually sufficient to overcome the victim's resistance. Montsdoca v. State, *supra;* 1 L. R. A. (N. S.) 1024; 23 R. C. L. 1145. Robbery is the substantive offense charged and instruments or acts used to produce fear are aggravating circumstances which may increase the penalty if it be a dangerous weapon.

Under defendant's theory of the law, where a defendant is charged with robbery, under said Section 7158, Comp. Gen. Laws of Florida, 1927, (without being dangerously armed) and it develops during the trial that the robber did have upon his person at the time of the robbery, a loaded revolver, though entirely unknown to his victim, the defendant could not be guilty under such indictment and statute. This is not the proper construction of the offenses covered either by said Section 7157, defining robbery while armed with a dangerous weapon, or by said Section 7158, defining robbery while not armed with a dangerous weapon. The penalty for the former is higher for obvious reasons, and in this State, robbery is a felony whether committed by one armed or unarmed. In the latter case, either one, any or all of the elements of force, violence or assault, or putting in fear, must necessarily be present, and the fact that the assault or putting in fear was produced by a threatening exhibition of a revolver, makes the offense none the less robbery as defined by said Section 7158, Comp. Gen. Laws of Florida, 1927.

''The use of deadly weapons or the use of force or putting the victim in fear is a natural or probable con-

sequence of the crime of robbery. The requisite criminal intent is the felonious taking from another of his money or other property." Killingsworth v. State, 90 Fla. 299, 105 So. R. 834; Sections 7157 and 7158, Comp. Gen. Laws of Florida, 1927; Stephens v. State, 92 Fla. 43, 109 So. R. 303.

The terms of the statute must be substantially followed in charging statutory robbery, and where it is aggravated, as by the defendant being armed with a dangerous weapon, such added fact must be averred. 3 Bishop's New Criminal Procedure, page 1866, Sec. 1002; 23 R. C. L. 1150, Sec. 17. While the information does not allege that the defendant was "not armed with a dangerous weapon;" this was not necessary in charging the offense under Section 7158, Comp. Gen. Laws of Florida, 1927. In the case of Dykes v. State, 68 Fla. 110, 66 So. R. 565, this Court held:

"The omission of an allegation that the defendant was not armed when he made the assault to rob, is to his advantage, and he could have suffered no harm on the trial from the omission of the allegation."

The defendant admits in his brief that if the phrase, "such robber not being armed with a dangerous weapon" were not contained in said Section 7158, Comp. Gen. Laws, an armed robber could be tried under either Section and could be convicted upon a showing that he secured the property from his victim by "putting in fear," without requiring the State to prove that the robber intended "to kill, wound, maim or strike if resisted," which is essential to allege and prove in a prosecution for a violation of said Section 7157.

This Court has repeatedly held that where the evidence may not make out a lower degree of an offense being tried which may be included in a charge of the higher degree

but such evidence is sufficient to sustain the higher offense, the verdict will be sustained as against a motion for a new trial based upon the ground that the evidence is insufficient to support the verdict. McCoy v. State, 40 Fla. 494, 24 So. R. 485; Mobley v. State, 41 Fla. 621, 26 So. R. 732; Morrison v. State, 42 Fla. 149, 28 So. R. 97; Ammons v. State, 88 Fla. 444, 102 So. R. 642.

To come within the above rule, it is not necessary that both crimes be included in the same statute; as for example, the different degrees of homicide are defined in separate statutes, however one may be convicted of one of the lower degrees upon a charge of homicide in any one of th higher degrees, even where the evidence does not support the lower degree, but does support the higher degree.

In the case at bar, the evidence not only supports a verdict for the offense defined by said Section 7158, which is specifically charged, but it also supports the offense defined by said Section 7157. If the defendant had been charged with robbery while "being armed with a dangerous weapon" and the proofs at the trial had shown that the supposed dangerous weapon used was a toy pistol, a verdict for the lower offense should be sustained if the evidence showed that the victim parted with the property either "by force, violence or assault, or putting in fear," as the latter offense is necessarily included in the former. It has even been held that since robbery includes the crime of larceny the State may elect to prosecute for the offense of larceny without charging robbery. 16 C. J. 58, Sec. 9; Coon v. State, 109 Ark. 346, 160 So. W. R. 226.

. It is also insisted that the lower court erred in admitting what are sometimes termed "extrajudicial identifications" of the defendant. This point is raised by exceptions taken to the court's overruling various objections to the admission of photographs and testimony bearing upon the identity of the defendant.

In this case, as in most cases of robbery, the defendant's main defenses are: (1) That the victim failed to identify him as the robber, and (2) An alibi—that he was at another place at the time of the robbery.

Thieves and robbers ply their trade stealthily and usually under cover of night and often use masks so that their identification is rendered very difficult. They never take a committee along with them to witness their winnings. In prosecuting one so charged, the State in most cases is confined almost exclusively to circumstantial evidence for a conviction. In the present case, however, both the victim and her husband positively identified the defendant as the robber. The undisputed evidence shows that Mr. and Mrs. Ordway returned from a party about one o'clock in the morning of February 19, 1929, and found their front door open and that upon going up to their bedroom, the defendant entered from the bathroom, commanded them to be quiet and at the point of a pistol took from Mrs. Ordway jewels of the value of six thousand dollars. He was in their presence in a room lighted with a reading lamp for about five minutes where they had ample opportunity to hear him talk and to observe him carefully. Under such conditions, minutes may seem hours and an impression as to a robber's identity is necessarily lasting if not indelibly imprinted upon the minds of the victims. Mrs. Ordway testified positively that defendant is the same person who took the jewels from her in her home at Palm Beach and described how she knows he is the same person by his general appearance, his peculiar nose and by his voice. Mr. Ordway testified positively that he observed him carefully and that the defendant is the same man; that he knew from his general appearance, his peculiar nose and from hearing his voice.

This Court has held that testimony is admissible to establish the identity of an accused even by one having

heard his voice, and such evidence is not to be considered as circumstantial, but as direct and positive proof of a fact, and its probative value is a question for the jury. Pennington v. State, 91 Fla. 446, 107 So. R. 331; Mack v. State, 54 Fla. 55, 44 So. R. 706, 13 L. R. A. (N. S.) 373, 14 Ann. Cas. 78; Martin v. State, 86 Fla. 616, 98 So. R. 827.

The testimony shows that both Mr. and Mrs. Ordway were shown a photograph of the defendant, ''after they had described him to the officers,'' on the night of the robbery, and they testified at the trial that they identified it as that of the defendant. This testimony was as to facts within their own knowledge and does not fall within ''extrajudicial identification.'' The testimony in this case is quite different to that described in defendant's brief in the case of Warren v. State, 103 Ark. 165, 146 So. W. R. 477, Ann. Cas. 1914B 698. It was there held that:

''Where a witness for the state testified that she identified defendant at headquarters where he was standing with others, testimony of two police officers that defendant was stood up with others and was immediately identified by the state's witness was inadmissible as original testimony.''

In other words, testimony by officers or third persons that the victims identified the defendant, or a photograph as that of defendant, at some time prior to the trial and not in a court is not generally admissible as being hearsay and extrajudicial identification; but in this case the victims themselves make the statement in court as a matter of their own knowledge that they recognized the picture as the one shown them and as a likeness of the defendant. In the case of Henderson v. State, 94 Fla. 318, 113 So. R. 689, this Court held that:

"Testimony as to identity is in the nature of opinion evidence. Provided he bases his testimony on his own knowledge, and not on information furnished by another, the opinion, belief, judgment, or impression of an ordinary (non-expert) witness as to the identity of a person, or an object, is admissible in evidence. The witness may, of course, be cross-examined as to the basis for his opinion or belief, so that the jury can judge as to the probative value thereof. 16 C. J. 547-8, 750, 22 C. J. 597, and cases cited; Wigmore on Evidence, Secs. 149, 660, 1130 and 1977; 1 Greenleaf on Evidence, Sec. 440; Thornton v. State, 113 Ala. 43, 21 So. R. 356; Mack v. State, 54 Fla. 55, 44 So. R. 706, 13 L. R. A. (N. S.) 373; Killingsworth v. State, 90 Fla. 299, 105 So. R. 834; Pennington v. State, —— Fla. ——, (91 Fla. 446), 107 So. R. 331; Alford v. State, 47 Fla. 1, 36 So. R. 436; Roberson v. State, 40 Fla. 509, 24 So. R. 474; Jordan v. State, 50 Fla. 94; 39 So. R. 155.

The only defense interposed by the defendant was that he was not identified as the robber, and this raised an issue very difficult to be overcome by the State.

It should not be overlooked that perhaps one of the most important steps in the apprehension and conviction of the defendant, as is the case in most robberies, was the production of the defendant's photograph and its identification by Mr. and Mrs. Ordway, on the morning following the robbery.

Experience of reecnt years has shown that one of the most effective means of identifying and apprehending burglars, robbers and thieves is through bureaus of identification by using the photograph and finger print. This method should be encouraged so long as its application

does not result in a miscarriage of justice or violate fundamental rules of evidence.

After defendant took the stand, the county solicitor, "for the purpose of impeachment," asked on cross-examination whether or not he had been convicted of crime, which he denied and the county solicitor then exhibited to him pictures which he admitted were of himself, taken in New York by the Bureau of Identification. The photographs were not introduced in evidence and the record does not indicate that the jury ever inspected them. On the other hand, if he had denied the likeness as that of himself, the court, before the introduction in evidence, would have had to pass upon their admission in evidence. Ortiz v. State, 30 Fla. 256, 11 So. R. 611. A photograph is often received to show the identity of a person, and if its correctness is not attacked, the court may assume that it is a correct likeness. 2 Bishop's New Criminal Procedure, p. 944.

Under the provisions of Section 4499, Comp. Gen. Laws of Florida, 1927, this Court has repeatedly held that a judgment should not be reversed or a new trial granted in any case, criminal or civil, for errors in rulings upon the admission of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure, unless it shall appear to this Court from a consideration of the entire cause that the errors injuriously affect the substantial rights of the complaining party. Johnson v. State, 80 Fla. 61, 85 So. R. 155; Shuler v. State, 84 Fla. 414, 93 So. R. 672; Henderson v. State, *supra.*

The trial court's charges are in line with the theory of the case as expressed above and no useful purpose would be served by a discussion of those assigned of error as they cover the above related subjects. In fact charges complained of are more or less in defendant's favor, of which he should not be heard to complain.

Finding no reversible error, the cause should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is.considered, ordered and adjudged by the Court that the judgment of the Court below should be and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.