FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation, Bondsman for Floyd Martin, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

136 So. 181.

Division A.

Opinion filed October 9, 1931.

*M. D. Carmichael, R. K. Lewis* and *L. A. Mooney*, for Plaintiff in Error;

*Cary D. Landis,* Atty. Gen., *L. R. Baker,* State Atty., and *Jos. S. White,* for Defendant in Error.

PER CURIAM.—Judgment to which the writ of error in this case was taken against the surety on a supersedeas bond given by an insolvent defendant to suspend a judgment of conviction in the Criminal Court of Record of Palm Beach County pending disposition by the Supreme Court on writ of error.

The judgment was affirmed by this Court (Floyd Martin vs. The State of Florida, 129 Sou. 112), and after the mandate went down it appears from the record that the Judge of the Criminal Court of Record notified an interested attorney, who in turn notified the attorney for the surety, that the cause of the State of Fla. vs. Martin would be taken up for further judicial action on the 5th day of August, 1930. The attorney for the surety company was also attorney for Floyd Martin. It appears that Martin had absconded. It further appears that before the arrival of August 5th, 1930, a writ of prohibition was presented by the surety to the Circuit Judge to prohibit the Judge of the Criminal Court of Record taking further jurisdiction in the cause and that, thereupon, the Judge of the Criminal Court of Record adjourned the Criminal Court of Record on the morning of the 5th of August, 1930, until such time as the validity of the act creating the Criminal Court of Record of Palm Beach County should be determined by the Supreme Court and that the Supreme Court on the 30th day of September, 1930, held the act valid, and on the first day of October, which was the first day upon which the Criminal Court convened in the term thereof next succeeding the 5th day of August, 1930, which was the September term of said court, the bond was estreated.

The notice to bondsman, which in such cases is equivalent to declaration, was served and, thereupon, the surety filed demurrer to the notice. The demurrer was over-ruled and properly so. Then the surety filed ten pleas. The 8th,

9th and 10th pleas were in words and figures as follows, to-wit:

"8. And for an eighth plea says that no date was ever set by the Criminal Court of Record in and for Palm Beach County, State of Florida, or otherwise, for the appearance of Floyd Martin before the Criminal Court of Record in and for Palm Beach County, State of Florida, to answer and abide by any final order, sentence or judgment that was passed upon him in the premises by the Supreme Court of Florida.

9. And for a ninth plea says that no date was ever set by the Criminal Court of Record in and for Palm Beach County, State of Florida, or otherwise, for the appearance of Floyd Martin before the Criminal Court of Record in and for Palm Beach County, State of Florida.

10. And for a tenth plea says that the said Floyd Martin has not yet been required to appear before the Criminal Court of Record in and for Palm Beach County, State of Florida."

A demurrer to these pleas was overruled and thereupon additional pleas were filed setting up the same defense that was set up in the 8th, 9th and 10th pleas, but in greater detail. Demurrer was interposed to the additional pleas and overruled. Plaintiff, the State of Florida, filed replication to the additional plea No. 1 in words and figures as follows:

"That the said mandate, final order or judgment of the said Supreme Court in the premises, affirming the said judgment and sentence of the said Criminal Court of Record, whereby the said Floyd Martin was found guilty of highway robbery was filed in said Criminal Court of Record on, towit, the 28th day of July, A. D. 1930; that the said Floyd Martin had at said time absconded and his whereabouts were unknown; that the said attorney for the said Martin, namely the said M. D. Carmichael, who was the, and still is, also attorney for the said Fidelity and Deposit Company of Maryland, was immediately advised and knew that said Criminal Court of Record would, on the 5th day of August A. D. 1930, exercise further jurisdiction in the said cause of the State of Florida vs. the said Floyd Martin, take further judicial action upon said bond and estreat

the same, should Fidelity and Deposit Company of Maryland fail or refuse to produce the said Floyd Martin in said Criminal Court of Record on the said 5th day of August A. D. 1930, all of which will more definitely appear from a true and correct copy of a certain Petition for Writ of Prohibition, which was, on the 4th day of August, A. D. 1930, duly presented to the Hon. C. E. Chillingworth, Judge of the said Circuit Court, Fifteenth Judicial Circuit of Florida in and for Palm Beach County, by the said Fidelity and Deposit Company of Maryland, through its said attorney M. D. Carmichael, which said copy of said petition, together with the notations made thereon by the said last mentioned Judge, is hereunto attached, marked Exhibit 1, and hereby made a part hereof.

THAT on the said 5th day of August, A. D. 1930, by virtue of an agreement made between the said solicitor or prosecuting attorney for said Criminal Court of Record and the said attorneys for said Fidelity and Deposit Company of Maryland, the said Criminal Court of Record continued its said action upon said bond for the duration of the then existing term of said Criminal Court, as will appear from a true and correct copy of an excerpt from the minutes of said Criminal Court of Record, appearing in Minute Book 4, at page 174, hereunto attached, marked Exhibit 2, and hereby made a part hereof.

THAT on the 1st day of October, A. D. 1930, that being the first day upon which said Criminal Court of Record convened in the term thereof next succeeding the said 5th day of August, A. D. 1930, namely, the September term of said Criminal Court, the said Fidelity and Deposit Company of Maryland was, in open Court, duly called upon by said Criminal Court, to produce the said Floyd Martin, and failing in this respect, the said bond was estreated in manner and form as alleged in the certificate of said Judge on file herein.

WHEREFORE plaintiff says that a date was set by said Criminal Court of Record for the appearance of said Martin before it, to answer and abide by said mandate of said Supreme Court, and for its said action upon said bond. Plaintiff adds hereto a joinder of issue for the defendant.''

This replication was later amended to include the following allegation:

"And for an additional replication to defendant's first additional plea, plaintiff says that a date was set for the appearance of the said Floyd Martin before the Criminal Court of Record in and for Palm Beach County, State of Florida, to answer and abide by the said final order, sentence or judgment that was passed upon him, the said Floyd Martin, in the premises, by the said Supreme Court of Florida, Plaintiff adds hereto joinder of issue for the defendant."

Demurrer was filed to the replication as amended. The demurrer was overruled.

The plaintiff in error says that one question is presented here for solution, as follows:

"Is it necessary in order to validly estreat and bind a Surety on a supersedeas Bond, conditioned for the appearance of the Principal 'to be personally forthcoming to answer and abide by the final order, sentence or judgment that may be passed upon him in the premises of the Supreme Court of Florida' (but naming no term of the Lower Court or other date for the appearance of said Principal), for the Lower Court after its judgment of conviction of the Principal has been affirmed in the Appellate Court and by said Court remanded to the Lower Court for further proceedings, to set a time, either a specific date or a term of court, for the appearance before said Court of the Principal to abide by the judgment and order of the Appellate Court, thereby remedying the deficiency of the Supersedeas Bond in its failure to set a time for the appearance of the Principal and thereby giving the Surety notice of the time when it will be called upon to perform the undertaking?"

We are unable to conclude that the statement of the question involved is as presented. The replication to defendant's plea alleges sufficient facts to show that the Surety had ample notice of the time when it would be called upon to perform its undertaking, if notice was necessary.

We have set out at some length the history of the pro-

cedure in this case for the benefit of the bench and bar of the State. It appears to us that the judgment against the Surety in this case on a bond executed and filed under the provisions of Section 6154, R. G. S., 8468 C. G. L., should be affirmed on the principles of law enunciated in a very able and exhaustive opinion prepared for this Court by the Honorable Cephas L. Wilson, Circuit Judge, sitting in lieu of Mr. Justice West, disqualified, in the case of West et al. vs. State, 75 Fla. 342, 78 Sou. 275. It is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD AND TERRELL, J.J., concur in the opinion and judgment.

DAVIS, J., disqualified.