AUGUSTUS HARRIS, *alias* GUS HARRIS, v. STATE.

177 So. 187.
Opinion Filed October 28, 1937.
Rehearing Denied December 7, 1937.

*Edgar W. Waybright* and *Louis S. Joel,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *Tyrus A. Norwood,* Assistant Attorneys General, for the State.

CHAPMAN, J.—Aaron Ryals, William Harris and Augustus Harris were indicted in four counts on a charge of murder in the first degree. The first count charged all three as principals in the first degree in the slaying of Ralph McRae in Duval County on June 8, 1932. The remaining counts charged first one and then another of the defendants as principals in first degree and the other two as principals in the second degree. Augustus Harris was tried before a jury in the Circuit Court of Duval County, beginning February 18, 1935, on counts one, three and four of the indictment. The jury returned a verdict of manslaughter, motion for new trial was by the lower court denied, the defendant sentenced to the State Prison for a period of seven years, and on writ of error thereto defendant below now seeks a reversal on a number of grounds.

The parties will be referred to as they appeared in the court below, as the state and the defendant. The first question raised by counsel for defendant is the sufficiency of the state's evidence establishing the identity of the person who fired the fatal shot. The question of identity is a question of fact to be established by competent evidence to be determined by the jury sworn to try the issues. This Court in the case of Martin v. State, 100 Fla. text page 25, 129 Sou. Rep. 112, said:

" 'Testimony as to identity is in the nature of opinion evidence. Provided he bases his testimony on his own knowledge, and not on information furnished by another, the opinion, belief, judgment, or impression of an ordinary (non-expert) witness as to the identity of a person, or an object, is admissible in evidence. The witness may, of

course, be cross-examined as to the basis for his opinion or belief, so that the jury can judge as to the probative value thereof.' "

The record shows that Aaron Ryals, William Harris and Augustus Harris on the evening of June 8, 1932, were sitting at a table at Key's Chili Parlor in the City of Jacksonville, Florida, and shortly thereafter were joined by Mrs. Sallie Prudens and Mrs. Julia Schnabel when the deceased and a Mr. Strickland passed the table in the Parlor and one word and another between deceased and William Harris about the results of the Sheriff's election of Duval County produced a fist fight. Shortly thereafter the three indicted defendants and the deceased were clinched and fighting when Mrs. Sallie Prudens saw Gus Harris fire a shot at deceased and immediately deceased caught his knee. She saw no other shots fired but heard three pistol shots. Dr. Killinger examined the body and found three wounds each made by 38 caliber pistol balls. These balls were later offered in evidence, having been found about the *locus in quo* and one of the balls having blood on it. Some few minutes after the shooting the 38 calibre pistol was found in a car deserted by this defendant. The barrel of the pistol was warm and bore evidence of having been recently fired. We feel that the question of identity of the person firing the three shots into the body of the deceased, Ralph McRae, was a question to be settled by the jury.

The second assignment of error raised by the defendant is: If the defendant, Gus Harris, did fire the fatal shots into the body of Ralph McRae, such homicide, under the laws of Florida, was justifiable. An examination of the record in this cause shows that the defendant, Gus Harris, did not take the witness stand or give any evidence in his behalf, and for this reason the above assignment, if it has

merit, must exist and have as its foundation the evidence adduced on the part of the state. It is true that the evidence shows the deceased to be a young man about 21 years old, above six feet in height and weighing about two hundred pounds. He was muscular and powerful and was a larger man than either of the Harris boys. The evidence showed that he was not armed, possessed no weapon with which much harm could be inflicted upon either of the defendants and it is reasonable to assume that about the greatest harm possible to be inflicted upon William Harris was a sound thrashing on the part of the deceased, using no weapon other than his fists. None of the witnesses gave any evidence as to the deceased being armed and the only possible advantage was his size, but at the same time the three defendants were fighting deceased when the defendant here fired the first shot, wounding deceased in the knee. The lower court in charges 11, 12, 13 and 14, covered the law of self defense and the jury, after argument of counsel and all the charges of the court upon the law of the case, found against the defendant on the question of self defense. We hold that it was within the province of the jury to so do.

The third assignment of error for consideration is the alleged error on the part of the court below in admitting into evidence for consideration of the jury over defendant's objection, the 44 and 45 caliber pistols and all testimony in connection therewith. Counsel for defendant relies upon the citation of authorities, viz.: Hardaman v. State, 16 Ala. App. 408, 78 Sou. Rep. 324; People v. Riggins, 159 Cal. 113, 112 Pac. Rep. 862; Goss v. State, 104 Tex. Cr. 456, 284 S. W. Rep. 578; People v. McGeohegan, 325 Ill. 337, 156 N. E. Rep. Text 384. We have examined each of these authorities and hold that they do not sustain defendant's counsel's contention.

In the case of People v. Riggins, *supra,* the court held:

"The testimony that the defendant was carrying a. pistol in his overcoat pocket while attending a performance at a theatre in the evening of the day of the alleged assault and several hours afterwards, was irrelevant and should have been excluded. The prosecution had proved that this was not the pistol with which the alleged assault was committed and his possession of another pistol afterwards was not shown to have any connection with or relation to the offense charged and it may have prejudiced the defendant in the minds of the jurors."

Also in the case of Goss v. State, *supra,* it was held: "In a murder prosecution, where accused admitted firing the fatal shot and there was no controversy as to where he shot the deceased, or as to pistol used, testimony that he owned several pistols and their description held inadmissible as irrelevant."

In the case of Hardman v. State, *supra,* it was held: "In a prosecution for murder, the trial court committed prejudicial error in permitting the state to prove, over defendant's objection, that he carried a rifle *after the offense* was committed; such evidence tending to prejudice the jury against him." (Emphasis supplied.)

Defendant finally relies on the case of People v. McGeohegan, *supra,* in which that Court holds:

"The evidence of the State as to Fernekes was based upon the testimony of three witnesses who claim to have seen him at the scene of the crime and that he participated therein. The evidence against the other two defendants is based entirely upon the testimony of Purell, a confessed accomplice. The only circumstantial evidence that we now call to mind that was introduced against Fernekes was the fact that he had two large pistols on his person, and the

accompaniment for these weapons at the time he was arrested. These exhibits furnished no evidence of Fernekes' guilt of the crime charged in this case. The deceased was killed with a .38 caliber bullet while the pistols of Fernekes were .45 caliber. There was no proof in the record that any such guns were seen or exhibited at the perpetration of the crime. This instruction (one that was requested on circumstantial evidence) therefore should not be given."

In the case at bar, the situation is somewhat different. It is shown by the testimony of Mrs. Sally Pruden that the first shot was fired by the defendant. The testimony of Dr. Killinger shows that the wounds were of the same type and that they were made from the same weapon. He further testified that the bullet found in the body was a .38 caliber and that all three holes were the same size and they could not have been made by a .44 or .45 caliber pistol. The prosecution introduced the three guns into evidence and showed that there was only one .38 in the possession of the three men.

The prosecution was offering proof that neither of the other two had a .38 caliber pistol and that as one of the party committed the murder, and as there was only one .38 caliber pistol in the party, and as the defendant fired the first shot, then he probably fired all three shots as they all came from a .38 caliber pistol. The introduction of the other two pistols found in the defendant's car immediately after the murder was of some probative value.

It will be seen from a review of the following cases that where the introduction of weapons would have some probative value and help determine the guilt of the accused, they might be admitted even though they were not proven to be the weapons used in the commission of the alleged crime.

Commonwealth v. Carelli, 281 Pa. 602, 127 Atl. Rep. 305; "Revolvers and shells taken from the defendant and those with him at the time of their arrest several weeks after the murder, though possibly unnecessary, held harmless and admissible."

State v. Bige, 198 Iowa 573, 198 N. W. Rep. 510: "Revolvers found in the car in which defendant and two accomplices, with part of the stolen property, were traveling in another State away from the scene of the crime held admissible."

State v. Gee Jon, 46 Nev. 418, 211 Pac. Rep. 676: "In a prosecution of two Chinamen for the murder of a third, it was not error to admit in evidence two pistols, found in the automobile in which the trip to the place of commission of the crime had been made, in view of the uncontradicted testimony showing the presence of the defendants at that place at the time of the killing, and of certain tracks and other evidence."

State v. Harris, 66 Mont. 34, 213 Pac. Rep. 215, citing State v. Byrne, 60 Mont. 317, 199 Pac. Rep. 262 and 16 C. J. 618: "The general rule being that weapons found at or near the place of arrest are properly admitted in evidence as part of the history of the arrest, and as bearing on the crime, although not clearly shown to have been the property of the accused or used in the commission of the crime."

Pena v. State, 126 Tex. Cr. 606, 72 S. W. Rep. (2nd) 1077: "In murder prosecution, admission of pistol delivered by defendant to one who found him hiding in railroad yards held not error, as against contention that no testimony showed this particular pistol was the one used in the shooting."

People v. Dale, 355 Ill. 330, 189 N. E. Rep. 269, and 271, citing a number of other Illinois cases:

"Where only one revolver was identified as used in the murder, admission in evidence of three other revolvers found with it in package in accused's room at the time of arrest held not reversible error, since State could prove that accused possessed weapon suitable for the commission of the crime at the time of his arrest. * * *

"We have repeatedly held that it is competent to prove that a person accused of crime possessed a weapon suitable for the commission of the crime at the time of his arrerst even though no claim is made that he actually used it on the occasion in question."

Brannon v. State, 39 Okla. Cr. 207, 264 Pac. Rep. 835: "Where there is evidence tending to prove a conspiracy between the defendant and others in the commission of the crime charged, and the defendant and such others soon after the commission of the crime are found together and arrested under circumstances tending to prove that the crime charged was committed by them jointly, weapons or other things connected with the crime charged, found on the persons with defendant, are admissible against him."

State v. Rusnak, 108 N. J. L. 84, 154 Atl. Rep. 755: "In murder prosecution, admitting in evidence revolver found in defendant's room held not error, though another revolver was actually used for the killing."

Commonwealth v. Pezzi, 284 Pa. 85, 130 Atl. Rep. 312: "In prosecution for murder, revolvers found in room of accused and companion, and proved to belong to them was competent evidence, and admissible, weight being for the jury, though not proved to be weapons used in commission of the crime."

Although none of the above cases are directly in point with the case at bar, we may deduce from these cases that weapons not actually used in the commission of the crime

may be admitted into evidence when they tend to prove the guilt or innocence of the accused and have some probative value.

In Thompson v. State, 58 Fla. 106, 50 Sou. Rep. 507, this Court said: "Any legal evidence from which the jury may legitimately deduce guilt or innocence is admissible, if, when taken with other evidence in the case, its relevancy appears."

In light of the authorities, *supra,* coupled with the evidence as disclosed by the record in this cause, we fail to see or observe error on the admission of the two pistols by the lower court.

Counsel for defendant have made fifteen different assignments of error. In the presentation thereof by brief they have grouped the entire assignments under three separate and distinct questions in such a manner as to obtain a ruling on all assignments. While the evidence of identity of the person firing the fatal shots is none too strong, we think it a jury question and should not be disturbed by this Court. In the suit of Knight v. State, 60 Fla. 19, text p. 21, 53 Sou. Rep. 541, this Court held:

"* * * There is evidence to support the verdict and as there is nothing in the record to indicate that the jury were not governed by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla. 4, 39 South. Rep. 188; Clinton v. State, 58 Fla. 23, 50 South. Rep. 580."

It appears that substantial justice was awarded in the court below and for this reason the judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.