WILBUR LOGAN v. STATE.

177 So. 231.
Opinion Filed November 15, 1937.

70

*John C. Wynn* and *Carter & Pierce,* for Plaintiff in Error;

·*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—The parties hereto will be referred to as they appeared in the court below as State and defendant. On November 11, 1936, the State Attorney for the Circuit Court in and for Jackson County filed therein an information charging the defendant with the larceny of one hundred and thirty-five dollars, property of B. B. Thompson. The defendant was arraigned on the information on the 12th day of January, A. D. 1937, and entered a plea of not guilty. On the 20th day of January, 1937, the defendant was placed on trial and the jury, after hearing the evidence, charge of the court upon the law of the case, and argument of counsel for the parties, returned a verdict of guilty. Counsel for the defendant, within the time prescribed by law, filed a motion for a new trial in behalf of the defendant, and on the 30th day of January, 1937, upon a hearing thereof, the lower court entered an order overruling and denying the same. The defendant was sentenced to serve a period of two years in the State Prison. The lower court entered a supersedeas order fixing the amount of the bond in the sum of $500.00 and sixty days was allowed in which to prepare and have settled a bill of exceptions herein. The defendant sued out writ of error and the cause is here for review on assignments of error resting largely upon questions of fact.

In considering the merits of this appeal the question here for decision is the evidence adduced sufficient as a matter of law to sustain the verdict found by the jury? The evidence shows· that the defendant and B. B. Thompson,

Marion Rogers and Jake Conrad went from their homes to Marianna, where Mr. Thompson sold a bale of cotton and received therefor the sum of $84.46 and had on his person at the time his money was taken the sum of $184.46. The parties spent some time at Marianna and left for home in a truck owned by the defendant. The parties bought two "pints" at first stop and traveled further and had dinner and had some more liquor and some of them admitted and expressed it that they were "drunk as hell," and near Greenwood they paused again on account of their liquor. When Thompson came to the car the defendant had his pocket book and the money was counted and the defendant was then charged by Thompson of taking $134.00 as fifty dollars remained in the pocket book. The taking of this money was vehemently denied by the defendant and a sharp conflict in the evidence occurs as to certain statements attributed to the defendant in the conversation with Thompson and some of the visitors at the jail where defendant was placed. The parties are farmers and neighbors and residents of Jackson County. While it is difficult to understand how the parties could take on as much liquor as was consumed and go through the painful agonies of getting sober and remember clearly afterwards so many details about the loss of this money as detailed to the jury, it is possible the jury had knowledge concerning the witnesses and the transaction not disclosed by the record, which enabled them to render the verdict in this case. While the evidence is sharply conflicting and contradictory, nevertheless it was an issue to be settled by the jury. In the case of Knight v. State, 60 Fla. 19, text p. 20, 53 Sou. Rep. 541, this Court said:

"There is evidence to support the verdict and as there is nothing in the record to indicate that the jury were not

governed. by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla. 4, 39 South. Rep. 188; Clinton v. State, 58 Fla. 23, 50 South. Rep. 580."

Section 4499 C. G. L., 2812 R. G. S., reads as follows:

"No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."

We fail to find error in the record and the judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

BUFORD, J., not participating.