CHARLES CARROLL, Judge.
This appeal by the defendant below from a conviction for robbery challenges the sufficiency of the evidence to sustain the judgment. Having considered the record and briefs we conclude that the jury’s verdict and the court’s adjudication of guilt based thereon were amply supported by the evidence.
The robbery occurred in the afternoon, in a residence. Mrs. Anna Wall, who was then visiting in her parents’ home, was awakened from a nap to see a negro man standing six .to eight feet from her, displaying a gun. He enjoined her to silence and proceeded to take money from a purse or purses in the house. He was not wearing a disguise. After he departed, Mrs. Wall called the police and gave them a description of the man. The following day she identified him from photographs supplied by the police. After the defendant was apprehended, she identified him in a lineup. At the trial she made a further positive identification of the defendant.
In support of his contention as to insufficiency of the evidence, the defendant relies on testimony of certain witnesses produced by him who placed him elsewhere at the time, in an attempt to establish an alibi. The appellant also relies on the fact that whereas he had gold in his teeth, Mrs. Wall in her testimony stated the contrary.
The alibi testimony was rejected by the jury, as was their province, in view of the testimony identifying the defendant as the participant in the robbery. Flowers v. State, 152 Fla. 649, 12 So.2d 772; Kennedy v. State, 153 Fla. 863, 16 So.2d 45.
It was established at the trial that the defendant had gold in his teeth, which was readily visible when displayed for observation. But the record does not show how prominent it was or to what extent it may have been visible to one in Mrs. Wall’s position when she observed the man at the time of the robbery. That conflict, or discrepancy in her testimony was minor in view of her otherwise detailed and positive identification. ' The issue of identification was one for determination by the jury (Harris v. State, 129 Fla. 733, 177 So. 187; Martin v. State, 100 Fla. 16, 129 So. 112), and its overall effect was not destroyed by such minor conflict. Yant v. State, Fla. App.1966, 192 So.2d 297.
Affirmed.