PER CURIAM.
The defendants, Smith and Duhart, appeal from their judgments of conviction on the charge of robbery.
Smith argues that his conviction was based upon circumstantial evidence which did not exclude every reasonable hypothesis of innocence. A review of the evidence refutes this argument. See Williams v. State, 73 Fla. 1198, 75 So. 785 (1917); Douglas v. State, Fla.App.1968, 214 So.2d 653, and Crum v. State, Fla.App.1965, 172 So.2d 24.
Duhart claims that the evidence of his identification was insufficient to sustain *603 the jury verdict of guilty and the judgment of conviction. The record reveals sufficient, competent evidence concerning the identification of the defendant Duhart to submit this factual issue to the jury for determination. Harris v. State, 129 Fla. 733, 177 So. 187 (1937); and Stuckey v. State, Fla.App.1967,199 So.2d 137.
Smith and Duhart claim that the state committed prejudicial and reversible error in making certain remarks in its closing arguments to the jury.
Counsel for the defendants did not object to the first remarks of the state in the closing argument. Defendants claim that these remarks were prejudicial for the first time on appeal. This they cannot do. We have examined the closing argument of the state, however, and find that the remarks complained of for the first time on appeal do not constitute fundamental, or prejudicial error.
The prosecution did make one statement in closing argument which the defendants properly objected to and which objection was sustained. Defendants then moved for a mistrial which was denied and they charge that this ruling was reversible error. The denial of the motion of the defendants for a mistrial was proper in these circumstances. See Morris v. State, 100 Fla. 850, 130 So. 582 (1930) ; and Burkhead v. State, Fla.App. 1968, 206 So.2d 690.
The defendants’ last point for reversal is that the trial court abused its discretion and erred in permitting an officer to testify as to their identity and to the date of the alleged robbery after the rule excluding witnesses was invoked. The record does not reflect a prejudicial abuse of discretion by the trial judge in this ruling. Spencer v. State, Fla.1961, 133 So.2d 729; and Griffin v. State, Fla.App.1960, 124 So. 2d 38.
The final judgments herein appealed are
Affirmed.