287 So.2d 384 (1973)
Willie Carl DOVE, Appellant,
v.
STATE of Florida, Appellee.
No. S-31.
District Court of Appeal of Florida, First District.
November 29, 1973.
Rehearing Denied January 22, 1974.
Louis O. Frost, Jr., Public Defender, Martin I. Edwards and Ronald B. Cosgrove, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
*385 PER CURIAM.
Willie Carl Dove and Lorenzo Hunter were tried by jury and convicted of the crime of robbery. Willie Dove appealed. On consideration of the record, briefs and argument, we hold no reversible error has been shown.
Appellant's contention of insufficiency of the evidence as to his identification is not supported by the record. Shortly after noon on a certain day two men knocked and were admitted into the residence occupied by a Mr. Jones, who was blind. Present therein was a Mrs. Browning. From a bag carried by them one of the men extracted and assembled a sawed-off shotgun. He searched Mr. Jones and took from him a sum of money of approximately $200. Thereupon he called to the other man, saying: "Willie, Willie, come here, look what I found." The men then tied up the two victims.
Witnesses saw them "trotting" from the house carrying a bag. With Mrs. Browning they identified Dove at the city sanitation department, where he was employed. Mrs. Browning identified Hunter from his picture among a group of photographs at the police department, and also at a line-up. The witnesses made in-court identifications of Hunter and Dove.
The appellant sought to establish an alibi. He presented witnesses who testified he was at the sanitation department location at the time the robbery was stated to have taken place. Involved was an issue of his whereabouts during the noon hour. That issue was one for determination by the jury, which rejected the alibi evidence as was its province, in face of the evidence placing appellant at the scene of the crime. Stuckey v. State, 199 So.2d 137 (Fla.App. 1967); Kennedy v. State, 153 Fla. 863, 16 So.2d 45 (Fla. 1943); Flowers v. State, 152 Fla. 649, 12 So.2d 772 (Fla. 1943).
The granting or denial of Dove's motion for severance was a matter within the discretion of the court, and the appellant had the burden to show the denial of the motion constituted an abuse of discretion. Manson v. State, 88 So.2d 272 (Fla. 1956). The appellant argued it was error because the evidence against the other defendant was strong and that against appellant was meager, citing Westbrook v. State, 64 So.2d 320 (Fla. 1953).
Here the evidence of the commission of the offense was equally strong against both defendants. The evidence which the appellant referred to as being strong against Hunter and meager against him was that relating to identification. Based thereon, appellant sought reversal and a new trial on the theory that since Hunter was readily identifiable (because of his unusual facial structure) the jury may have been influenced against the appellant by the fact that he was tried jointly with Hunter. That argument presupposes insufficiency of the evidence of identification of the appellant, which as we view this record was not the case. Dove was identified by direct evidence. Harris v. State, 129 Fla. 733, 177 So. 187 (Fla. 1937); Martin v. State, 100 Fla. 16, 129 So. 112 (Fla. 1930). The fact that evidence of identification of one defendant is strong or even overwhelming will not lessen the probative force of evidence of identification of the other defendant.
The judgment is affirmed.
RAWLS, C.J., WIGGINTON, J., and CARROLL, CHARLES A., Associate Judge, concur.