347 So.2d 762 (1977)
Blaine Archer CHAPOLA, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. EE-9.
District Court of Appeal of Florida, First District.
June 21, 1977.
Michael Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Chapola appeals a jury conviction of robbery as charged in the information. He contends the trial court erred by failing to grant him a hearing on his motion to suppress and by sentencing him to life imprisonment.
*763 The record reveals an order denying a motion to suppress. Although not clear as to whether a hearing was held, absent any record support of his contention, we must presume that the order correctly disposed of Chapola's motion to suppress.
In pertinent part, the information alleges:
"[B]y force, violence, assault or putting in fear, take certain property, to-wit: money  in excess of $100.00 lawful currency of the U.S. of America, the property of Handy Andy Food Store, 2626 North Magnolia, Ocala, Marion County, Florida, as owner or custodian, from the person or custody of Lloyd A. Ammons, in violation of Florida Statute 812.13."
Section 812.13, Fla. Stat. (1975), provides: "(1) `Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
"(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
"(3) An act shall be deemed `in the course of committing the robbery' if it occurs in an attempt to commit robbery or in flight after the attempt or commission."
Prior to trial, Chapola took the victim's deposition and learned that the victim would testify that Chapola was carrying a knife at the time of the robbery. At trial, the State adduced evidence that Chapola was carrying a knife and Chapola adduced evidence that he was not carrying a knife.
The Court read to the jury the standard instruction on robbery. Fla. Stand. Jury Inst. In Crim. Cases, Second Ed., pages 185-186. The jury returned a verdict finding Chapola guilty of robbery as charged in the information. The Court adjudicated Chapola guilty of robbery but sentenced him to life imprisonment.
The terms of Section 812.13 must be substantially followed in charging robbery, and, where it is aggravated by a defendant being armed with a dangerous weapon, this fact must be alleged. Martin v. State, 100 Fla. 16, 129 So. 112 (1930). The information before us merely charges Chapola with robbery. It does not charge him with armed robbery. He was not found guilty of armed robbery. He was not adjudicated guilty of armed robbery. But the life sentence is based on a judgment of guilt of armed robbery.
When a charge of robbery includes the aggravating circumstances stated in Section 812.13(2)(a) or Section 812.13(2)(b), the jury should be given standard instruction 2.17, felony aggravated by weapon. Fla. Stand. Jury Inst. In Crim. Cases, Second Ed., page 49. The trial court did not give this instruction nor was it required to give it.
The Court erred in sentencing Chapola to life imprisonment because he was merely charged with robbery; the jury found him guilty as charged; and the Court adjudicated him guilty of this charge. Under Section 812.13(2)(c), which is applicable to this case, the Court could sentence Chapola to no more than 15 years imprisonment.
The State argues that Chapola knew prior to trial that the State would adduce evidence at trial that he was carrying a knife at the commission of the robbery but he did not attack the sufficiency of the information. This argument is without merit. It is the State's obligation to frame the allegations of its information, not the defendant. Chapola went to trial on the *764 allegations in the information and the Court properly charged the jury on the allegations and proof thereof at trial.
The judgment of guilt is affirmed. The sentence is set aside and this case is remanded to the trial court for sentencing of the defendant as provided by Section 812.13(2)(c).
BOYER, C.J., and McCORD, J., concur.